```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION


FRANK OMOBUDE                                        0PLAINTIFF


VS.                              CIVIL ACTION NO.: 3:10CV703TSL-FKB


MISSISSIPPI DEPARTMENT OF
FINANCE AND ADMINISTRATION,
KEVIN UPCHURCH, Executive Director;
CILLE LITCHFIELD, officially and individually;
CLYDE MURREL, officially and individually;
PERRY DUBARD, officially and individually;
and UNKNOWN JOHN DOES 1 – 5                          DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Mississippi Department of Finance and Administration (MDFA) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the separate motion of defendants Kevin Upchurch, in his official capacity as director of MDFA, and defendants Cillie Litchfield, Clyde Murrel and Perry Dubard, in their official and individual capacities, to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. Plaintiff Frank Omobode, despite having sought and been granted an extension of time to file his response to these motions, has failed to respond to either motion. The court, having considered the memorandum of authorities, together with attachments, submitted by MDFA, concludes that plaintiff's complaint against this defendant is due

to be granted in part and denied in part, as set forth herein, and that the motion of the individual defendants to dismiss for insufficiency of service of process is denied.

The court first addresses the individual defendants' motion to dismiss. Defendants argue that plaintiff's attempt to serve process on them prior to removal was governed by the Mississippi Rules of Civil Procedure, which pursuant to Rule 4(d)(1)(A), requires personal service upon an individual or service by leaving a copy at the individual's dwelling house with an appropriate person or by service upon an agent. The individual defendants argue that plaintiff has failed to properly effect service of process on them since he has purported to serve process on them solely by service on Mississippi Attorney General Jim Hood and has not served any of them personally or by leaving a copy of the summons and complaint at their respective homes or by serving their respective agents. These defendants are correct, in part. To the extent that a plaintiff sues a defendant in his individual capacity, he is required to serve such defendant personally, as an individual, in accordance with the requirements of Mississippi Rule 4(d)(1)(A). Cf. Michalik v. Hermann, No. Civ. A. 99-3496, 2001 WL 434489, 3 (E.D. La. Apr. 26, 2001) ("A plaintiff seeking damages from a pubic official in his individual capacity ... must effect service personally pursuant to FRCP 4(e)"). This has not yet been done; and the putative service on the defendants in their

individual capacities by service on Jim Hood is ineffective to serve them individually.  However, pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff has 120 days from the date the complaint is filed to effect service, and "until that 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly [is] premature."  McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993).

The official capacity claims are another matter.  The rules for service of process recognize that a suit against a government official in his official capacity is, in effect, a suit against the entity.  Mississippi Rule of Civil Procedure 4(d)(5) provides for service "[u]pon the State of Mississippi, or any one of its departments, officers, or institutions, by delivering a copy of the Summons and complaint to the Attorney General."  Service on Attorney General Hood was thus sufficient on defendants in their official capacities.

The court now turns to MDFA's motion for summary judgment.  Plaintiff became employed by MDFA as a Program Analyst I in 1994 and remained so employed until his termination on December 31, 2007.[1]  He filed the present action on October 27, 2010 against

---

[1]   Plaintiff does not specifically allege in his complaint that his employment with defendant was terminated or otherwise ended, though he does seek reinstatement and thus implicitly asserts he was terminated.  Moreover, defendant has submitted an uncontroverted affidavit which establishes that plaintiff's employment with MDFA was terminated on December 31, 2007.

MDFA, its executive director and three of its employees, alleging he was subjected to disparate treatment during his employment on the basis of his race and national origin, and that he was subjected to retaliation for having complained of race and national original discrimination.  Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1983 and 1985, violations of the Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment to the Constitution of the United States, and various claims based upon violations of state law.  He seeks reinstatement, compensatory and punitive damages, attorney fees and costs.  MDFA has moved for summary judgment as to each of plaintiff's putative claims against it.

MDFA, and the individual defendants in their official capacities, are entitled to dismissal of plaintiff's claim under 42 U.S.C. § 1981 since § 1983 "provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989).  Moreover, as a state agency, it is also entitled to dismissal of plaintiff's § 1983 claim on the basis of Eleventh Amendment immunity, except to the extent that plaintiff seeks reinstatement.  See Scanlon v. Dept. of Mental Health, 828 F. Supp. 421, 424, n.4 (S.D. Miss. 1993) (explaining that "states, state agencies and

4

state officials in their official capacities may not be sued under § 1983 for damages or other retrospective relief. . . .")(citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)); Nelson v. Univ. of Texas at Dallas, 535 F.3d 318, 324 (5th Cir. 2008) (holding that a plaintiff's "request for reinstatement is sufficient to bring a case within the Ex parte Young exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a continuing violation of federal law").

MDFA seeks dismissal of plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) on the basis that plaintiff has failed to allege a race-based or other class-based invidious discriminatory animus, see Deubert v. Gulf Fed. Savings Bank, 820 F.3d 754, 757 (5th Cir. 1987), and further because plaintiff has no proof to support his conspiracy charge in any event. However, it does not appear that plaintiff has even asserted his conspiracy allegations against MDFA; but even had it done so, dismissal is in order for a more fundamental reason than that offered by defendant, namely, that "a state agency and its officials represent a single entity; as a matter of law state officials of a single agency generally cannot conspire with their employer agency or with one another in the carrying out of their official duties as agency employees." Fontenot v. Texas, 1994 WL 733504, 4 (5th Cir. 1994) (citation omitted).

Plaintiff has undertaken to assert a claim directly under the Fourteenth Amendment. However, as MDFA correctly asserts in its motion, plaintiff "cannot maintain a cause of action directly under the Fourteenth Amendment when seeking to assert Constitutional violations against municipalities or governmental actors, but must employ the applicable statutory mechanism when one exists ---- here, 42 U.S.C. § 1983." Berger v. City of New Orleans, 2001 WL 1085131, 1 (5th Cir. 2001).

MDFA seeks dismissal of plaintiff's state law claims against it on the basis that plaintiff's suit is time-barred, as neither the notice of claim nor the lawsuit was filed within one year of the alleged tortious act, as required by the Mississippi Tort Claims Act (MTCA). See Jackson v. Sutton, 797 So. 2d 977, 981 (Miss. 2001) (explaining that MTCA provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit) (citing Miss. Code Ann. § 11-46-7(1)); Miss. Code Ann. § 11-46-11(3) ("All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after...."). Plaintiff's employment was terminated December 31, 2007, and hence the last tortious act necessarily occurred on or before that date. Plaintiff filed the present lawsuit on October 27, 2010, more than two-and-a-half

6

years later, and without having first filed a notice of claim. The claim, therefore, is time barred.

Based on the foregoing, it is ordered that the motion of the individual defendants to dismiss for insufficient service of process is denied. It is further ordered that MDFA's motion for summary judgment is granted, except as to plaintiff's claim for reinstatement under § 1983.[2]

SO ORDERED this 28th day of January, 2011.

/s/Tom S. Le
UNITED STATES DISTRICT JUDGE

---

[2] The individual defendants in their official capacities are entitled to dismissal of plaintiffs' claims to the same extent as MDFA.