```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

FRANK OMOBUDE                                           PLAINTIFF

VS.                           CIVIL ACTION NO.: 3:10CV703TSL-FKB

MISSISSIPPI DEPARTMENT OF
FINANCE AND ADMINISTRATION,
KEVIN UPCHURCH, Executive Director;
CILLE LITCHFIELD, officially and individually;
CLYDE MURREL, officially and individually;
PERRY DUBARD, officially and individually;
and UNKNOWN JOHN DOES 1 – 5                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants Cille Litchfield, Clyde Murrel and Perry Dubard have filed two motions, in their official capacities, for summary judgment pursuant to Federal Rule of Civil Procedure 56, and in their individual capacities, to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(5). Plaintiff Frank Omobude has not filed a response to either motion. The court, having considered the motions and memoranda of authorities, and the attachments accompanying the summary judgment motion, concludes both motions are due to be granted.

Plaintiff filed this action asserting violations of 42 U.S.C. §§ 1981, 1983 and 1985, the Equal Protection and Privileges and Immunities Clauses of the Constitution of the United States, and various state laws, based on allegations that he was subjected to unlawful employment discrimination during his employment with defendant Mississippi Department of Finance and Administration (MDFA). Litchfield, Murrell and Dubard are

employees of MDFA, who have been sued in their official and individual capacities.

For a second time, defendants have moved to dismiss plaintiff's claims against them in their individual capacities based on plaintiff's failure to timely effect service of process. This court denied these defendants' first motion on this basis on January 31, 2011, stating:

> To the extent that a plaintiff sues a defendant in his individual capacity, he is required to serve such defendant personally, as an individual, in accordance with the requirements of Mississippi Rule 4(d)(1)(A). ... This has not yet been done; and the putative service on the defendants in their individual capacities by service on Jim Hood is ineffective to serve them individually. However, pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff has 120 days from the date the complaint is filed to effect service, and "until that 120-day period has expired, any attempt to seek dismissal on the grounds of defective service clearly [is] premature ." McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993).

Omobude v. Mississippi Dept. of Finance and Admin., 2011 WL 346522, 1 (S.D. Miss. Jan. 31, 2011). Now that more than 120 days have passed since the complaint was filed and plaintiff still has not served them with process personally, defendants have again moved to dismiss. Their motion will be granted. Plaintiff has not responded to defendants' motion, much less undertaken to show either that he has served defendants properly, or that he had good cause for failing to timely serve these defendants.[1]  See Fed. R.

---

[1]  The record reflects that summons was issued for these defendants on February 25, 2011, but there is nothing to show that they were ever served.

2

Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The motion to dismiss will be granted.

As urged in their motion for summary judgment, these defendants, in their official capacities, are entitled to dismissal of plaintiff's § 1981 claim since there is no independent cause of action under § 1981 against a state actor, and that any violation of §1981 by a state actor may be remedied only through an action under 42 U.S.C. §1983. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989) ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor.").

To the extent plaintiff seeks money damages under § 1983, the defendants, in their official capacity, have Eleventh Amendment immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a

3

federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). As for plaintiff's § 1983 claim against them for injunctive relief, namely, reinstatement, this court previously noted in its order dismissing MDFA that "under the Ex Parte Young doctrine, Eleventh Amendment immunity does not extend to the claim for reinstatement, to the extent such claim is asserted against the defendant state officials in their official capacities." Omobude v. Miss. Dept. of Finance and Admin., Civil Action No. 3:10CV703 (S.D. Miss. Mar. 4, 2011). However, "[i]n Ex Parte Young, the Supreme Court noted that the state official must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment." Klein v. Univ. of Kansas Med. Ctr., 975 F. Supp. 1408, 1417 (D. Kan. 1997). Defendants have presented an affidavit from Henry E. Williams, who works in MDFA's Human Resources Department. Williams explains that these defendants do not have the authority to reinstate plaintiff's employment with MDFA. Plaintiff has offered no evidence to the contrary. Accordingly, plaintiff's claim for reinstatement against these defendants will be dismissed.

Plaintiff's § 1985 claim will also be dismissed, since "a state agency and its officers represent a single entity; as a matter of law state officials of a single agency generally cannot conspire with their employer agency or with one another in the

carrying out of their official duties as agency employees." Fontenot v. Texas, No. 93-8567, 1994 WL 733504, 4 (5th Cir. 1994) (citation omitted).

Plaintiff has purported to assert a claim herein directly under the Constitution. However, a plaintiff cannot sue state officials directly under the Constitution where he has a remedy under § 1983. See Hearth, Inc. v. Dept. of Pub. Welfare, 617 F.2d 381, 382-83 (5th Cir. 1980) ("Congress has provided a means of seeking relief against state officials who violate the Constitution"); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir.1992) ("Plaintiff has no cause of action directly under the United States Constitution").

The moving defendants argue that plaintiff's state law claims against them are cognizable, if at all, only under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq., and that plaintiff failed to timely file a notice of claim and commence this action. See Miss. Code Ann. § 11-46-11 (3) (providing that "[a]ll actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days ....").

Based on the foregoing, it is ordered that the motions of defendants Cille Litchfield, Clyde Murrel and Perry Dubard to dismiss and for summary judgment are granted.

SO ORDERED this 21st day of April, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE