UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FRANK OMOBUDE                                              PLAINTIFF

VS.                               CIVIL ACTION NO.: 3:10CV703TSL-FKB

MISSISSIPPI DEPARTMENT OF
FINANCE AND ADMINISTRATION,
KEVIN UPCHURCH, Executive Director;
CILLE LITCHFIELD, officially and individually;
CLYDE MURREL, officially and individually;
PERRY DUBARD, officially and individually;
and UNKNOWN JOHN DOES 1 – 5                                DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant

Kevin Upchurch, in his official capacity, for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff Frank Omobude has responded to the motion and the court,

having considered the memoranda of authorities, together with

attachments, submitted by the parties, concludes that the motion

is well taken and should be granted.

Pursuant to 42 U.S.C. § 1983, Omobude seeks reinstatement to

his employment with the Mississippi Department of Finance

Administration (MDFA) based on allegations he was terminated on

account of his race and/or as the result of retaliation for

complaints of harassment.  Defendant Upchurch seeks summary

judgment, arguing that plaintiff cannot establish a *prima facie*

case of discrimination or retaliation, but that even if he could,

he cannot establish pretext or show that race or retaliation was a

motivating factor in the decision to terminate plaintiff's

employment.

Under the familiar McDonnell-Douglas burden-shifting framework that governs § 1983 race discrimination claims, a plaintiff challenging a failure to promote must first establish a *prima facie* case, by proving that he was: (1) a member of a protected group; (2) qualified for the position; (3) suffered some adverse employment action; and (4) was treated less favorably than a similarly situated employee outside the protected class or was otherwise terminated because of a protected characteristic. See Autry v. Fort Bend Independent School Dist., 704 F.3d 344, 347 (5th Cir. 2013). Once the plaintiff makes a *prima facie* case, the burden then shifts to the employer to proffer a legitimate, non-discriminatory reason for the employment action. Id. If the employer does so, the plaintiff must offer sufficient evidence to create an issue of material fact that either the defendant's stated reason is not genuine, but is a pretext for discrimination (the pretext alternative), or that the decision was based on "mixed motives," and that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's race (the mixed-motives alternative). Id.

Plaintiff's retaliation claim is also subject to the McDonnell-Douglas analytical framework. To establish a *prima facie* case of retaliation, plaintiff must show that: (1) he engaged in a protected activity; (2) his employer took an adverse

2

employment action against him; and (3) a causal connection exists
between the protected activity and the adverse employment action.
Gibson v. Verizon Servs. Organization, Inc., 2012 WL 5914256, 5
(5th Cir. Nov. 15, 2012).  The burden then shifts to the employer
to show a legitimate, non-discriminatory reason for the adverse
action, and if it does so, the plaintiff must show that the
proffered reason was a pretext or that the employer acted with
mixed motives.  Id.

Even if the court in this case were to assume that Omobude
could establish a *prima facie* case of race discrimination and/or
retaliation, his claims would fail as he has adduced no evidence
that would permit a reasonable jury to find that the reasons
offered by his former employer Mississippi Department of Finance
and Administration (MDFA) for terminating his employment are
pretextual, or that race or retaliation was a factor that
motivated MDFA's decision.  Plaintiff was informed by letter in
January 2008 that a decision had been made to terminate his
employment based on findings that he had threatened violence
against his supervisor[1] and had violated MDFA's Telephone and
Information Technology Resources Policies and Procedures.
Plaintiff appealed the decision to the Mississippi Employee
Appeals Board (Board) which upheld the decision.  Initially,

---

[1]    Specifically, MDFA found that in October 2007, plaintiff
had commented to a coworker that he was so stressed he might bring
a gun to the workplace and shoot his supervisor.

3

following a hearing and review of reports by an independent investigator hired by MDFA to investigate both Omobude's own allegations of hostile work environment and allegations of misconduct by Omobude, the hearing officer found there was substantial evidence to support Omobude's termination based on the alleged threat of workplace violence. He found, in particular, that although Omobude denied having made such a threat, MDFA had to decide whom to believe and was justified in believing the witness who reported Omobude's threat. The full Board affirmed the hearing officer's decision.

In his response to the present motion, plaintiff undertakes to demonstrate that the reasons given by MDFA for his termination are false and pretextual. Toward that end, he asserts that in a justice court proceeding initiated against him by his former supervisor, the court deemed him not guilty of the charge of threatening harm to his supervisor and found there was no evidence that he made the alleged threat. However, while the abstract of justice court proceedings presented by plaintiff reflects a judgment of not guilty, it does not indicate what evidence was presented to the court and more specifically, does not reflect that there was "no evidence" of a workplace threat. In any event, the relevant inquiry in this case is not Omobude's guilt or innocence of the charge that he made a threat of workplace violence; rather the proper inquiry is whether MDFA believed that

4

such a threat was made and terminated him for that reason.

Plaintiff has offered no evidence to suggest that this is not what

in fact occurred, and he thus has failed to demonstrate pretext.[2]

He has otherwise offered no evidence from which a jury might

reasonably infer that his race or retaliation was a motivating

factor in the decision to terminate his employment.  Accordingly,

his remaining claims for race discrimination and retaliation will

be dismissed.

     Based on the foregoing, it is ordered that Upchurch's motion

for summary judgment is granted.

     A separate judgment will be entered in accordance with Rule

58 of the Federal Rules of Civil Procedure.

     SO ORDERED this 5th day of March, 2013.


                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE

---

[2]     In his response, Omobude argues that MDFA was not
warranted in relying on the credibility assessment made by the
independent investigator who investigated Omobude's alleged threat
against his supervisor since the investigator's "objectivity is
questionable" and since he offered only "his view which was not in
many cases fact based but [was instead based on] his impressions
and perceptions."  However, plaintiff has offered no factual basis
for challenging the investigator's objectivity.  Moreover, as
evidenced by his detailed report, the investigator thoroughly
investigated the allegation against Omobude and made a complete
report to MDFA of his findings in which he explained in full the
reasons he found the allegation to be well-founded.  Plaintiff has
not shown that MDFA was not justified in relying on the results of
the investigation and reaching a conclusion based, in whole or in
part, on the investigator's reasoning.